IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KIRK GRAY                                                    PLAINTIFF

v.                                    4:25-cv-00457-JM-JJV

FRANK BISIGNANO,
Commissioner of Social Security Administration                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Kirk Allen Gray, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because he could perform his past relevant work despite his impairments. (Tr. 22.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is only forty-eight years old. (Tr. 93). He is a high school graduate,(Tr. 36), and has a strong work history. He has past relevant work experience as a computer hardware analyst, data processer, and project manager. (Tr. 22.)

The ALJ[1] found Plaintiff had not engaged in substantial gainful activity since December 1, 2020 – the alleged onset date. (Tr. 16.) He has "severe" impairments in the form of "left lateral epicondylitis, status post debridement, lateral epicondylitis on the right side, transient ischemic attack (by history), hypertension, paroxysmal supraventricular tachycardia, vasovagal syncope,

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

degenerative disc disease of the lumbar spine, migraines, polyarthritis arthralgia, myopathy, chronic fatigue, left shoulder bursitis, and degenerative disc disease of the cervical spine." (Tr. 16.) The ALJ further found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18)

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a reduced range of sedentary work given his physical and mental impairments. (Tr. 18.) Based on his RFC assessment and with the help of a vocational expert, (Tr. 54-56), the ALJ concluded Plaintiff could perform his past work. (Tr. 22). Accordingly, the ALJ determined that Plaintiff was not disabled. *Id.*

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of his Complaint, Plaintiff argues that the ALJ's RFC assessment is flawed because he failed to fully account for his mental impairments. (Doc. No. 5 at 8-15.) After careful consideration of this argument, substantial evidence supports the ALJ's conclusion here. (Tr. 17-18). The ALJ stated:

> The claimant's medically determinable mental impairments of depression, generalized anxiety disorder, psychophysiologic insomnia, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere. The undersigned has considered 12.04 and 12.06 in an abundance of caution. The claimant was noted to have a normal psychiatric evaluation when seen for physical complaints (Ex. B8F, p. 108; B16F, p. 11; B17F, 12; B17F, p. 61; B26F, p. 55). Despite reported headaches and near syncope he was noted to have been intact neurologically. He reported difficulty with memory and word finding (Ex. B14F, p. 5,7, 9). His autonomic dysfunction with worsening headaches and gastroparesis is controlled with medication (Ex. B15F, p. 16).

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

(Tr. 17.)

The ALJ also specifically pointed out that, " He is not getting any mental health treatment. Mental Status Examinations were found to be normal throughout the record." (*Id.*) The ALJ's findings are supported by substantial evidence. (Tr. 44, 369, 379, 418, 428, 919, 1226, 1229, 1251, 1258, 1295, 1300, 1305, 1311, 1316, 1322, 1341, 1347, 1353, 1360, 1364, 1372, 1380, 1390, 1397, 1403, 1421, 1429, 1458, 1469, 1474, 1502, 1525, 1536, 1545, 1566, 1573, 1579, 1586, 1592, 1597, 2027, 2033). And as the Commissioner points out in his brief, the Plaintiff also admitted that he was able to complete many day-to-day activities such as reading, grocery shopping, and caring for his personal needs without limitation. (Tr. 17, 19, 45, 51-53, 257).

Plaintiff does not contest the ALJ's findings that his mental impairments were not severe. Instead, he argues that the ALJ did not consider these mild impairments when evaluating and forming the RFC. (Doc. 5 at 11-15.) However, "an ALJ is not required to incorporate into its residual functional capacity determination any non-severe impairments that do not impose limitations on a claimant's ability to work." *Lane v. Colvin*, 650 F. App'x 908, 911 (8th Cir. 2016) (citing *Hilkemeyer v. Barnhart*, 380 F.3d 441, 447 (8th Cir. 2004)). Accordingly, I find Plaintiff's argument to be without merit.

Plaintiff next argues that the ALJ failed to account for all "severe" conditions in the RFC, like his chronic fatigue. (Doc. No. 5 at 16-18.) Plaintiff says, "despite finding Plaintiff's chronic fatigue as severe impairment and a record abundant with references to the Plaintiff's chronic fatigue, the ALJ failed to properly consider this impairment or evaluate the effects upon the Plaintiff's ability to function in the workplace." (*Id.* at 16-17.)

However, as the Commissioner persuasively responds, "The ALJ reasonably accounted for Plaintiff's numerous severe physical impairments by assessing an RFC restriction to a range of

sedentary work – the least physically demanding type of work possible." (Doc. No. 6 at 8, Tr. 14-22). And to specifically address his chronic fatigue, the ALJ's RFC included significant limitations including no exposure to unprotected heights, hazardous machinery, open bodies of water, or open flames. (Tr. 18). Additionally, the ALJ's RFC was more restrictive than the assessments of Charles Friedman, M.D., and Bettye Stanley, D.O., who found that Plaintiff was capable of performing light work. (Tr. 21, 88-90, 100-02).

Lastly, Plaintiff argues that the ALJ "erred by not considering whether his autonomic neuropathy was a severe or non-severe impairment." (Doc. No. 5 at 18-21.) However, The ALJ explicitly considered and found at step two that his autonomic dysfunction was not a severe impairment. (Tr. 17). He stated, "His autonomic dysfunction with worsening headaches and gastroparesis is controlled with medication (Ex. B15F, p. 16)." (*Id.*) Plaintiff makes a fair point. The exhibit the ALJ cites to states, "Unfortunately he has significant autonomic dysfunction which is currently characterized by worsening migraine headaches and gastroparesis. . . . I still maintain that he should follow up with an Autonomic Disorder clinic to help with diagnosis and treatment." (Tr. 1251.) While I find the Plaintiff's point to be a good one, I am overall persuaded by the Commissioner's response. He says:

> While Plaintiff suggests that his autonomic neuropathy supported additional RFC restrictions, including "access to close bathrooms and unscheduled bathroom breaks," he identifies no support in the record for those limitations. See Pl. Br. 20. To the contrary, the doctors who provided the only functional evaluations of record—Dr. Friedman and Dr. Stanley—reviewed the medical evidence but declined to include such limitations in their RFC assessments (Tr. 88-90. 100-02).

(Doc. No. 6 at 9.)

And, given the substantial evidence supporting the ALJ's decision, I am simply unable to find reversible error here. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045

(8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c)

(2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*,

870 F.2d at 1396; *accord*, *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484

F.3d 1040, 1043 (8th Cir. 2007).

> (a)    *Non-severe impairment(s).*    An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)    *Basic work activities.*   When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.   Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
> (6)  Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

 I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript

of the hearing, and the medical and other evidence. There is ample evidence on the record as a

whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ

in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also*, *Reutter ex rel. Reutter v. Barnhart*,

372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Being

mindful of the "substantial evidence" test in these cases, the record contains adequate objective

medical evidence to support the ALJ's determination in this matter.

Mr. Gray's counsel has done an admirable job advocating for his rights. But it is not the

task of a court to review the decision of the ALJ because there is evidence in the record which

contradicts its findings. The test is whether there is substantial evidence on the record which

supports the decision of the ALJ, and here there is. *E.g.*, *Mapes v. Chater*, 82 F.3d 259, 262 (8th

Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

IT IS, THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 14th day of November 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE